## MIGUEL FLORES V. THE STATE.

No. 11369.  Delivered February 22, 1928.

Rehearing denied March 28, 1928.

**1.—Manslaughter—Repeal of Statute—Amendment—Construed.**

The repeal of the manslaughter statute by Act of the Fortieth Legislature, Title 274, was amended by the special session of the same legislature thereafter, with the clause that the repeal of the manslaughter statute did not effect offenses theretofore committed against the old law.

**2.—Same—Continued.**

While the amendment being passed with an emergency clause became effective before the law contained in Title 274, passed at the regular session, we are of opinion that when Chap. 274 became effective, or to-wit: June 15, 1927, the amendment passed at the special session became a part of the law of murder, as contained in Chap. 274.

ON REHEARING.

**3.—Same—Continued.**

It is clear that Sec. 3a of Chap. 274, passed at the Regular Session of the Fortieth Legislature, was properly amended, and by reason of such amendment, became a part of the original Chap. 274, and that when Chap. 274 became effective, amended Sec. 3a was a part thereof. This law took out of our statutes the offense of manslaughter, but did so with the saving clause, which makes appellant's contention without merit. Distinguishing Hazelrigg v. Hazelrigg, 183 S. W. 933.

Appeal from the District Court of Bexar County. Tried below before the Hon. W. W. McCrory, Judge.

Appeal from a conviction for manslaughter, penalty five years in the penitentiary.

The opinion states the case.

*Hogan & Matthews* of San Antonio, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for manslaughter, punishment five years in the penitentiary.

Against the correctness and justness of the conviction and the punishment therefor, appellant makes but one point. He was put on trial June 6, 1927, for murder alleged to have been committed in November, 1925, and on June 10 was convicted of manslaughter. On June 24 he filed a motion in arrest of judgment, setting up that by the Act of the Fortieth Legislature (Chap. 274, Acts Regular Session), the offense of manslaughter was abolished, which Act became effective ninety days after the adjournment of the legislature, or on June 15, 1927. Further, it is claimed that said Act had no saving clause relating to cases of manslaughter theretofore committed, whether pending in the trial courts or appellate courts. He also set up that the First Called Session of said Legislature was convened on May 9, 1927, and that same attempted to enact a law amending Sec. 3a of said Chap. 274, supra, so as to provide that no offense committed prior to the taking effect of said Chap. 274 should be affected by the provisions of said chapter, but that in such case the offender should be proceeded against and punished under the law as it existed before the taking effect of said chapter. This Act amending said Sec. 3a was approved June 9, 1927, and having passed with the emergency clause and a sufficient vote, became effective as of that date. Against the effectiveness of the amending Act of the special session, for the purpose intended, it is urged that in some way because the amending act was made to take effect prior to the time of the taking effect of said Chap. 274, of which the amending act was an amendment—that the subsequent taking effect of said Chap. 274 on June 15 operated to repeal the amending act, as well as the old law on the subject of manslaughter. We are cited to no authorities so holding, and find ourselves unable to follow the involved reasoning offered in support of appellant's contention.

Chap. 274, supra, after its final passage by the legislature and its approval by the Governor, might have been amended or repealed during the same sitting of the legislature which passed it, and we think the argument—that the change made in said chapter by the amending act of the special session— was beyond the powers of the lawmakers, has no support in precedent, reason or authority. We are of the opinion that when Chap. 274, supra, became effective June 15, 1927, the act of the special session amending Sec. 3a became a part of the amended law of murder by which the offense of manslaughter was repealed, and that the law so passed did not affect offenses theretofore committed against the old law.

At the time appellant was convicted, on June 10, 1927, the amendment of the special session had been approved and was effective as such amendment. When the motion for new trial was acted upon and appellant was sentenced on June 24, 1917, Chap. 274 as amended had become effective and was the law. We find nothing in the record leading us to conclude that the trial, judgment and sentence of appellant were not regular, and no error appearing, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant predicates his motion for rehearing on two propositions: First, that the Acts of the Regular Session of the Fortieth Legislature expressly abolished the offense of manslaughter. Said act became effective after this conviction, and, therefore, this proceeding would have to be dismissed. Second, that the Acts of the Special Session of the Fortieth Legislature, amending the acts of the Regular Session relative to murder, did not revive the offense of manslaughter, and same, therefore, no longer exists upon our statutes.

There seems no question as to the proposition that the offense of manslaughter no longer exists under our statutes. It might also be conceded that unless the legislature correctly inserted a saving clause in the act abolishing manslaughter, then under all the authorities, and under the provisions of Art. 14 P. C., this conviction would have to be reversed and the proceedings dismissed.

It seems trite to say that the legislature has the right and power to amend its own acts in their passage from the introduction of the bill to its final passage. It need not be debated that the legislature may amend and change its own laws passed at any session, either at that or any subsequent session. It is equally true that one legislature may amend or change the acts of a prior legislature.

The law relative to murder, as passed by Chap. 274 of the Regular Session of the Fortieth Legislature, did not contain any saving clause by which parties who had theretofore been guilty of the offense of manslaughter, or who might be guilty of such offense subsequent to the passage of the bill, but before its taking effect as a law, might be proceeded against. After the passage of the bill and the adjournment of the legislature,

this defect was apparently discovered, and in a special session of the legislature an amendatory act was passed in entire accordance with the mandates of our Constitution in reference to such matters. Chap. 274, Acts of the Regular Session of the Fortieth Legislature, was amended by Chap. 8 of the Special Session, and the amendatory act manifests no effort to amend any section or part of the law by reference to its title only, but Sec. 3a of Chap. 274 was specifically amended by the insertion of a saving clause, the amended Sec. 3a being set out fully in Chap. 8, and we observe no reason whatever for appellant's complaint thereat. He cites the case of Hazelrigg v. Hazelrigg, 183 S. W. 933, but same seems entirely inapplicable. We quote from the opinion in that case:

"The act of 1914 states in its title and in the body of the act that its purpose is to amend and re-enact Secs. 1833 to 1851, inclusive, of the Statutes, but it does not re-enact or publish at length the law it seeks to amend, except in Subsec. 1, which amends Sec. 1849 of the Statutes. It results, therefore, if said act is, in fact, an amendment of the existing law, as it says it is, that the legislature, in the enactment of this act, except in Subsec. 1, entirely disregarded the plain provisions of this section of the Constitution."

Plainly an act purposing to amend eighteen sections of a former law, which actually set out at length only one of said eighteen sections, would be deemed definitely violative of the Constitution, which requires the amendatory act to republish and set out in full the proposed amendments. We see no sort of reason for discussing the proposition again advanced that because the amendatory act took effect before the taking effect of Chap. 274, supra, of which it was an amendment, that when Chap. 274 did take effect it repealed the amendatory act. We get nothing out of such proposition. It is clear that Sec. 3a was properly amended, and, by reason of such amendment, became a part of the original Chap. 274, and that when Chap. 274 became effective, amended Sec. 3a was a part thereof. This law took out of our statutes the offense of manslaughter, but did so with the saving clause, which makes appellant's contention without merit. His offense was committed before the taking effect of said general law. He was and will be correctly proceeded against as under the old law.

The motion for rehearing is overruled.

*Overruled.*